■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TORRES, Also Known as JUSTO NEGRON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered March 28, 1984, convicting him of murder in the second degree (two counts), manslaughter in the second degree, robbery in the first degree and criminal use of a firearm in the first degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of manslaughter in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The facts underlying this case are set forth in our decision affirming a codefendant's judgment of conviction for similar crimes *(see, People v Falu,* 138 AD2d 510).

The People concede that the defendant Torres's conviction of manslaughter in the second degree predicated upon recklessly causing the death of another (Penal Law § 125.15 [1]) must be reversed and that count of the indictment dismissed because that crime is an inclusory concurrent count of murder in the second degree predicated upon evincing a depraved indifference to human life (Penal Law § 125.25 [2]; CPL 300.30 [4]; 300.40 [3] [b]).

As for the remaining charges, we find that viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), it was legally sufficient to

establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.