■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMOND PERRY, Appellant. [802 NYS2d 816]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered January 16, 2003. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree

(Penal Law § 125.25 [1]). Defendant failed to move to withdraw the plea or to vacate the judgment of conviction and thus has failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Scott*, 15 AD3d 883 [2005], *lv denied* 4 NY3d 856 [2005]). In any event, defendant's contention lacks merit. Contrary to the contention of defendant, it is not necessary that he "acknowledge[ ] committing every element of the pleaded-to offense . . ., or provide[ ] a factual exposition for each element of the pleaded-to offense" (*People v Seeber*, 4 NY3d 780, 781 [2005]; *see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *Lopez*, 71 NY2d at 666 n 2). Here, the record establishes that defendant answered questions specifically addressing the facts and circumstances of the crime, thus establishing that he intentionally caused the death of the victim by shooting him (*see People v Kemp*, 288 AD2d 635, 636 [2001]).

We also reject defendant's contention that the photo arrays were unduly suggestive. There is no evidence that the attention of any witness "was 'drawn to defendant's photo in such a way as to indicate that the police were urging a particular selection' " (*People v Cunningham*, 15 AD3d 945, 945 [2005], *lv denied* 4 NY3d 829 [2005]) or that the individuals portrayed in the photo arrays were so distinct that there was "a 'substantial likelihood that the defendant would be singled out for identification' " (*People v Beason*, 252 AD2d 975, 975 [1998], *lv denied* 92 NY2d 980 [1998]; *see People v Rodriguez*, 17 AD3d 1127, 1128-1129 [2005]). Finally, the bargained-for sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Lawton, JJ.