THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH E. DONAHUE, Appellant. [801 NYS2d 218]—Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered May 4, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [12]). The contention of defendant that he did not validly waive his right to appeal is raised for the first time in his reply brief and thus is not properly before us (*see People v McQueen*, 11 AD3d 1005, 1006 [2004], *lv denied* 4 NY3d 765 [2005]). In any event, we conclude that defendant's contention is without merit (*see generally People v Callahan*, 80 NY2d 273, 280 [1992]). The further contention of defendant that he did not understand the ramifications of the sentence imposed by County Court is unpreserved for our review (*see People v Millard*, 279 AD2d 807, 808 [2001], *lv denied* 96 NY2d 803 [2001]), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention concerning the alleged factual insufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Waller* [appeal No. 1], 288 AD2d 950 [2001], *lv denied* 97 NY2d 710 [2002]) and, in any event, that contention is encompassed by defendant's valid waiver of the right to appeal (*see People v Thelbert*, 17 AD3d 1049 [2005]). To the extent that the contention of defendant that he was denied effective assistance of counsel is properly before us (*see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]). Finally, the valid waiver by defendant of the right to appeal encompasses his contention concerning the severity of the sentence (*see People v*

*Hidalgo*, 91 NY2d 733, 737 [1998]) and we note that, in any event, he received the minimum permissible sentence. Present—Hurlbutt, J.P., Scudder, Smith, Pine and Hayes, JJ.