■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY COON, Appellant. [823 NYS2d 566]—

Mugglin, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered September 6, 2005,

convicting defendant following a nonjury trial of the crime of assault in the first degree.

Defendant used a butcher knife to twice cut the neck and throat of his sister (hereinafter the victim). As a result, he was indicted for intentional assault in the first degree, depraved indifference assault in the first degree, assault in the second degree for recklessly causing serious physical injury and criminal possession of a weapon in the third degree. After a nonjury trial, County Court's verdict included findings that defendant failed to prove the defense of mental disease or defect by a preponderance of the evidence, but that because of his voluntary use of crack cocaine, he suffered an atypical idiopathic reaction to the substance such that, at the time of the attack, he was experiencing cocaine intoxication delirium. As a result, County Court found that defendant was unable to form any specific criminal intent necessary to support either the intentional assault or criminal possession of a weapon charges. County Court also found that defendant's actions were reckless and that since voluntary intoxication does not negate recklessness (*see* Penal Law § 15.05 [3]), defendant was guilty of depraved indifference assault (*see* Penal Law § 120.10 [3]). Based on this finding, County Court found it unnecessary to address the third count of the indictment. Defendant was sentenced to a term of imprisonment of 15 years with five years of postrelease supervision and now appeals.

We find merit to defendant's argument that the proof was insufficient to establish depraved indifference assault. It is now settled that, where a defendant's conduct endangers only a single person, to sustain a charge of depraved indifference there must be proof of "wanton cruelty, brutality or callousness directed against a particularly vulnerable victim, combined with utter indifference to the life or safety of the helpless target of the perpetrator's inexcusable acts" (*People v Suarez*, 6 NY3d 202, 213 [2005]). Although County Court found that defendant acted with heightened recklessness, depraved indifference is a culpable mental state (*see People v Feingold*, 7 NY3d 288, 294 [2006]) and this element is not established merely by proof of reckless conduct (*see People v Suarez, supra* at 214). While defendant's conduct was reprehensible, the evidence does not establish wanton cruelty, brutality or callousness. Moreover, as defendant was too intoxicated to form a specific criminal intent, he also would be incapable of possessing the culpable mental state necessary to prove depraved indifference.

Next, defendant argues that there is insufficient proof that the victim suffered a serious physical injury. While the record

does contain photographs taken soon after the attack which are fairly characterized as seriously disfiguring (*see* Penal Law § 10.00 [10]), defendant argues that there is insufficient evidence of the appearance of the scars at trial to prove that the condition will be protracted. We, however, defer to the decision of County Court on this issue because that court, in addition to hearing the testimony that the cuts were 13 centimeters in length and severed both nerves and neck muscle, had the opportunity to view the resultant scars (*see e.g. People v Brown*, 184 AD2d 856, 858 [1992], *lv denied* 80 NY2d 927 [1992]).

Finally, we find no basis in this record to disturb County Court's findings concerning defendant's intoxication and its conclusion that his intoxication does not negate the culpable mental state of recklessness. Therefore, absent proof of depraved indifference and in light of the sufficient proof of serious physical injury, defendant's conviction must be reduced to assault in the second degree (*see* Penal Law § 120.05 [4]). Defendant's remaining arguments are either unpersuasive or rendered academic by this decision, except that the People conceded, and we agree, that the length of time that the order of protection is in force must also be modified.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's conviction for assault in the first degree under count two of the indictment to assault in the second degree; vacate the sentence imposed on said conviction and matter remitted to the County Court of Madison County for resentencing and modification of the order of protection; and, as so modified, affirmed.