■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY COON, Appellant. [845 NYS2d 839]—

Mugglin, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered December 21, 2006, which resentenced defendant following his conviction of the crime of assault in the second degree.

As is set forth more fully in our prior decision (34 AD3d 869 [2006]), defendant was convicted after a nonjury trial of depraved indifference assault for cutting his sister twice in the neck and throat with a butcher knife. Because the proof was insufficient to establish depraved indifference assault, we modified his conviction on appeal by reducing it to assault in the second degree and remitted the matter to County Court for

resentencing and modification of the order of protection that had been imposed (*id.* at 870-871). Thereafter, County Court resentenced defendant to a term of imprisonment of seven years to be followed by three years of postrelease supervision, but failed to modify the order of protection. Defendant now appeals.

Defendant contends that his sentence is harsh and excessive and that it is the result of vindictiveness on the part of County Court in response to defendant's successful appeal. We disagree. Inasmuch as "the sentence imposed was not enhanced but diminished" (*People v Thomas*, 283 AD2d 724, 725 [2001]) and a review of the record reveals " 'no reasonable likelihood of vindictiveness' " (*People v Seavey*, 9 AD3d 742, 743 [2004], *lv denied* 4 NY3d 748 [2004], quoting *People v Young*, 94 NY2d 171, 179 [1999]), defendant's claim that it was vindictive is unpersuasive. The fact that, following our modification of defendant's conviction from assault in the first degree to assault in the second degree, County Court's sentence went from one in the middle of the permitted range for first degree assault—15 years—to the maximum sentence under his second degree assault conviction—seven years—does not demonstrate vindictiveness. Defendant's sentence is undeniably reduced and, as the underlying facts of defendant's criminal conduct remained the same, the sentence imposed by County Court permissibly fell at a different point in the sentencing range in order to reflect the appropriate sentence under the modified conviction in light of defendant's history and conduct (*see People v Young*, 94 NY2d at 180-181).

Furthermore, we reject defendant's claim that his sentence was harsh and excessive considering the victim's expression of forgiveness and request for leniency and his assertions of progress while incarcerated. As we observed in our previous decision (34 AD3d at 870), defendant's conduct was reprehensible and we find no abuse of discretion in the sentence imposed nor do we discern any extraordinary circumstances which would warrant modification in the interest of justice (*see People v Hogencamp*, 6 AD3d 877, 878 [2004], *lv denied* 3 NY3d 707 [2004]).

However, inasmuch as County Court failed to modify the order of protection upon remittal (34 AD3d at 871), we are constrained to remit once again so that County Court may address this error.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, and matter remitted to the County Court of Madison County for modification of the order of protection, and, as so modified, affirmed.