■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES Y. COLLINS, Appellant. [846 NYS2d 829]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered April 7, 2005. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [4]). Defendant contends that, although County Court advised him that he was precluded from raising the defense of intoxication pursuant to the existing law at the

time of the guilty plea (*see generally People v Register*, 60 NY2d 270, 275-276 [1983], *cert denied* 466 US 953 [1984]; *People v Hilligas*, 291 AD2d 926 [2002], *lv denied* 98 NY2d 651 [2002]), the law has since changed (*see generally People v Feingold*, 7 NY3d 288, 294 [2006]; *People v Coon*, 34 AD3d 869, 870 [2006]). Defendant thus contends that he will be deprived of due process if we do not apply the current law in reviewing the factual sufficiency of his plea allocution, in view of his presently viable defense of intoxication. We reject that contention. Defendant is correct that he is entitled to the application of current principles of substantive law upon his direct appeal from the judgment of conviction (*see generally Policano v Herbert*, 7 NY3d 588, 603-604 [2006]). Nevertheless, even assuming, arguendo, that we agree with the Third Department that intoxication is a defense to depraved indifference murder (*see Coon*, 34 AD3d at 870), we conclude that reversal is not required. The challenge by defendant to the factual sufficiency of the plea allocution does not survive his valid waiver of the right to appeal (*see People v Donahue*, 21 AD3d 1359 [2005], *lv denied* 6 NY3d 775 [2006]; *People v Spivey*, 9 AD3d 886 [2004], *lv denied* 3 NY3d 712 [2004]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). In any event, defendant failed to preserve that challenge for our review by moving to withdraw his guilty plea or to vacate the judgment of conviction (*see People v Emm*, 23 AD3d 983, 984 [2005], *lv denied* 6 NY3d 775 [2006]; *People v Perry*, 21 AD3d 1352 [2005], *lv denied* 5 NY3d 884 [2005]; *see generally People v Lopez*, 71 NY2d 662, 665 [1988]), and nothing in the plea allocution alerted the court that defendant had a viable defense of intoxication, thereby placing the court under a duty, prior to accepting the plea, of inquiring into whether defendant was fully aware of and voluntarily waiving any such defense (*see Lopez*, 71 NY2d at 666). Defendant likewise failed to preserve for our review his contention that his plea was not voluntarily, knowingly, and intelligently entered (*see DeJesus*, 248 AD2d 1023 [1998]) and, in any event, that contention lacks merit.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Gorski, Centra, Fahey and Green, JJ.