■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JETON NIKC, Appellant. [860 NYS2d 601]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered January 31, 2001, convicting him of murder in the second degree, assault in the first degree (three counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to convict him of depraved indifference murder is not preserved for appellate review (see CPL 470.05 [2]; People v Finger, 95 NY2d 894, 895 [2000]; People v Solis, 43 AD3d 1190, 1191 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence adduced at trial was legally sufficient to prove beyond a reasonable doubt that the defendant acted with the culpable mental state of depraved indifference. Shooting into a crowd is the quintessential example of a depraved indifference to human life (see People v Feingold, 7 NY3d 288, 293 [2006]; People v Payne, 3 NY3d 266, 272 [2004]; People v Riddick, 34 AD3d 923, 925 [2006]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]). Upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant's contention that he was denied the effective assistance of counsel rests on matter partially dehors the record and to that extent may not be reviewed on direct appeal (see People v Granby, 50 AD3d 920 [2008]). To the extent that the claim is based upon the record, it is without merit (see People v Baldi, 54 NY2d 137 [1981]; People v Granby, 50 AD3d 920 [2008]).

The defendant's remaining contentions are without merit.

Motion by the appellant on an appeal from a judgment of the Supreme Court, Kings County, rendered January 31, 2001, to enlarge the record on appeal to include the report of his psychiatrist dated February 10, 2000, a letter from his psychiatrist dated September 6, 2000, and the report of the respondent's psychiatrist dated August 15, 2000. By decision and order on

motion dated October 18, 2007 (2007 NY Slip Op 81261[U] [2007]), this Court held the motion in abeyance and referred it to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Miller, J.P., Dillon, Balkin and Chambers, JJ., concur.