■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBEIRO VALENCIA, Appellant. [873 NYS2d 97]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Peck, J.), rendered February 23, 2007, convicting him of assault in the first degree, assault in the second degree, vehicular assault in the second degree, assault in the third degree, operating a motor vehicle while under the influence of alcohol (two counts), reckless driving, and viola-

tions of Vehicle and Traffic Law § 1130 (1), (2) and § 1127 (a), after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

We agree with the defendant that the evidence at trial, viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), was legally insufficient to establish that he acted with the culpable mental state of depraved indifference to human life at the time he collided with the complainants' vehicles and, thus, did not support his conviction of assault in the first degree (*see* Penal Law § 120.10 [3]; *People v Feingold*, 7 NY3d 288 [2006]; *People v Palmer*, 34 AD3d 701 [2006]). In this regard, we find unpersuasive the prosecution's contention that the mens rea component of depraved indifference assault may be satisfied by considering the defendant's state of mind at a point much earlier in time than the accident, when the defendant allegedly made a conscious decision to consume an excessive amount of alcohol with the awareness that he subsequently would be operating a motor vehicle. Assuming arguendo that the evidence would support such a finding, and that such a state of mind would otherwise satisfy the culpable mental state of depraved indifference to human life, we conclude that the defendant's state of mind at the time he consumed the alcohol was too temporally remote from his operation of the vehicle to support a conviction for depraved indifference assault in this case. We find unpersuasive our dissenting colleague's reliance upon dicta to the contrary set forth in the majority opinion in *People v Wells* (53 AD3d 181 [2008]).

Given the limited contentions before us on this appeal, we have no occasion to decide the separate question of whether voluntary intoxication may negate the mens rea of depraved indifference (*cf. People v Coon*, 34 AD3d 869 [2006]).

The defendant's remaining contentions either are without merit or need not be reached in view of the foregoing. Mastro, J.P., Eng, and Belen, JJ., concur.

Dillon, J., concurs in part and dissents in part, and votes to affirm the judgment appealed from, with the following memorandum: I respectfully dissent from the portion of the majority's decision which holds that the defendant's intoxication was too temporally remote from his driving to permit his conviction of depraved indifference assault under Penal Law § 120.10 (3). I urge that the defendant's conviction and sentence be affirmed in all respects.

At a friend's house on Long Island, the defendant voluntarily consumed alcohol in sufficient quantities as to result in a .21% blood alcohol content, while knowing that he was going to drive himself back to his home in Elmhurst, Queens. Thereafter, the defendant operated his vehicle northbound in a southbound lane of the Wantagh State Parkway for approximately 3.9 miles toward oncoming traffic, at a speed of approximately 60 miles per hour. Along the way, he passed five red-and-white wrong-way signs, seven large overhead exit signs that could not be read because he was approaching them from the opposite direction, and 61 other signs that could not be read because they were backwards for the defendant's direction of travel. Near Sunrise Highway, the defendant collided head-on into two vehicles, causing the operators of those vehicles to sustain severe injuries.

After a nonjury trial, the defendant was convicted of, inter alia, assault in the first degree based on depraved indifference to human life (see Penal Law § 120.10 [3]). The trial court noted in its verdict that the defendant's intoxication rendered him "oblivious" to his dangerous travel upon the highway prior to the accident. However, rather than predicating a finding of a depraved indifference mental state upon the defendant's condition during the moments leading up to the collision, the trial court carefully held that the defendant's depraved indifference mental state was established when he engaged in excessive and continuous drinking, knowing that he would later be driving home on heavily trafficked roads. In other words, the trial court temporally split the defendant's mens rea for depraved indifference assault, formed during his excessive drinking, from his actus reus, which occurred when he later crashed his automobile head-on into other motor vehicles, causing injuries.

Penal Law § 120.10 provides that: "[a] person is guilty of assault in the first degree when: . . . 3. Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person."

While this Court has held that evidence of intoxication does not negate the element of recklessness (see People v Lampon, 38 AD3d 682, 682-683 [2007]), depraved indifference is now recognized as a distinct culpable mental state (see People v Feingold, 7 NY3d 288, 296-297 [2006]; People v Hawthorne, 35 AD3d 499, 500 [2006]), consisting of "an utter disregard for the value of human life—a willingness to act not because one intends harm, but because one simply doesn't care whether

grievous harm results or not" (*People v Feingold*, 7 NY3d at 296 [internal quotation marks omitted]).

The defendant argues on appeal that the evidence of depraved indifference assault was legally insufficient, on the ground that his intoxication prevented the People from proving the mens rea required for the culpable mental state of depraved indifference. The People argue that the trial court correctly determined that the defendant's mens rea, i.e., "guilty mind" (*see* Black's Law Dictionary 889 [5th ed 1979]), was established prior to entering his car, when he made the decision to drink excessively knowing that he would thereafter be driving, without regard for the consequences it could have upon other motorists.

While a defendant's mens rea is typically present at the time of the actus reus, the physical component of the crime (*see e.g. People v Rosas*, 8 NY3d 493, 499 [2007]), the mens rea and actus reus in depraved indifference circumstances need not necessarily be simultaneous (*see generally People v Kibbe*, 35 NY2d 407 [1974]; *People v Galle*, 77 NY2d 953 [1991] [criminally negligent homicide]). Therefore, viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), the evidence presented at trial is legally sufficient to sustain the defendant's conviction of assault in the first degree based on depraved indifference to human life (*see* Penal Law § 120.10 [3]). The evidence was sufficient to prove the defendant's culpable mental state at the time of his excessive drinking. Contrary to the defendant's contention, his voluntary intoxication by alcohol did not, under the peculiar circumstances of this case, negate, as a matter of law, the requisite elements of depraved indifference to human life, or prevent the People from proving the elements of depraved indifference assault beyond a reasonable doubt (*cf. People v Castellano*, 41 AD3d 184, 185 [2007]; *People v Carter*, 40 AD3d 1310, 1312 [2007]). The fact that the defendant was found to be "oblivious" in the moments leading up to the accidents underscores the People's argument that the defendant's conduct, at the time of his drinking while intending to drive a motor vehicle thereafter, evinces an "utter disregard for the value of human life" (*People v Feingold*, 7 NY3d at 296).

The case of *People v Coon* (34 AD3d 869 [2006]), relied upon by the defendant, is distinguishable. In *Coon*, the defendant stabbed his sister after voluntarily using crack cocaine, and the Appellate Division, Third Department, held that the cocaine-intoxication delirium which ensued negated the culpable mental state of depraved indifference murder. There is nothing in *Coon* to suggest that when the defendant used crack cocaine, he

anticipated that he would later be wielding a knife at his sister. Here, however, the defendant knowingly drank excessive quantities of alcohol while anticipating that he would later be operating his motor vehicle, thus foreseeably placing other persons at risk while nevertheless disregarding their safety. The defendant's conduct here is more akin to circumstances routinely associated with a depraved indifference state of mind such as "shooting into a crowd, placing a time bomb in a public place, or opening the door of the lions' cage in the zoo" (*People v Payne*, 3 NY3d 266, 272 [2004] [internal quotation marks omitted]). In my view, the question of whether intoxication negates a depraved mental state should be a fact-intensive inquiry employed on a case-by-case basis. Here, the severance of the defendant's mens rea from his subsequent anticipated actus reus permits a finding of depraved indifference assault, as the defendant was not yet "oblivious" from intoxication at the time his culpable mental state was formed.

The facts of this case are remarkably similar to those in *People v Wells* (53 AD3d 181 [2008]), wherein the defendant, inter alia, operated a motor vehicle in a highly-intoxicated state at high speed while ignoring traffic signals, and was convicted of depraved indifference murder. The Appellate Division, First Department, unanimously affirmed the defendant's conviction under the former standard of *People v Register* (60 NY2d 270 [1983], *cert denied* 466 US 953 [1984]) that was in effect at the time of the crime (*see People v Wells*, 53 AD3d at 189-192). Significantly, the First Department alternatively noted that even under the more recent depraved indifference standard of *People v Payne* (3 NY3d 266 [2004]) and *People v Feingold* (7 NY3d 288 [2006]), which redefined depraved indifference as a separate mental state, the defendant's conduct in *Wells* of drinking to excess, followed by driving a motor vehicle, demonstrated an utter disregard for the value of human life as to satisfy depraved indifference culpability (*see People v Wells*, 53 AD3d at 192-193) . In effect, the First Department recognized that although there was a temporal split between the defendant's mens rea while drinking and his actus reus while later driving, the defendant's mental state was still one of depraved indifference. I share that reasoning as it is sound, commensurate with the current definition of depraved indifference, and proportional to the plague of drunk driving upon our state's highways.

The defendant in *Wells* sought leave to appeal, which was denied by the Court of Appeals (*see People v Wells*, 10 NY3d 965 [2008]). While the Court of Appeals rarely provides a reason for denying leave to appeal, it could have granted leave to appeal in

*Wells* if it perceived problems with the First Department's reasoning regarding, inter alia, temporally splitting, in drunk driving cases, the depraved indifference mens rea from the later related actus reus.

My colleagues in the majority sidestep the primary issue of this appeal, which is whether intoxication qualifies as a legal defense to a depraved indifference state of mind. Instead, my colleagues are troubled by what they perceive as the temporal remoteness between the defendant's drinking and his driving, notwithstanding that they both occurred in a single evening and constitute a single chain of events. I differ with my colleagues since the issue of whether the time between the defendant's drinking and driving was too lengthy to sustain a conviction never was raised during the trial and is, therefore, unpreserved for appellate review (*see* CPL 470.05 [2]). Moreover, the issue of temporal remoteness is not even specifically raised by the defendant in his appellate brief. In essence, the majority is creating "new law," with which I disagree, that a conviction for a single-evening event should be reversed on the basis of a temporal remoteness standard that is arbitrarily applied and undefined, that conflicts with existing authority from the Court of Appeals (*see e.g. People v Kibbe,* 35 NY2d 407 [1974]), and that is contrary to the applicable reasoning of *People v Wells* (53 AD3d 181 [2008]).

Therefore, I would affirm the judgment of conviction.