■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN BATTLES, Appellant. [886 NYS2d 170]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered May 2, 2006, convicting him of murder in the second degree, manslaughter in the second degree, and assault in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of manslaughter in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support the convictions of depraved indifference murder and depraved indifference assault because evidence that he was intoxicated on crack cocaine negated the culpable mental state of depraved indifference is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484,

492 [2008]; *People v Finger,* 95 NY2d 894, 895 [2000]; *People v Frederick,* 60 AD3d 691 [2009]; *People v Nikc,* 52 AD3d 740, 740 [2008]). In any event, this contention is without merit. Assuming, without deciding, that voluntary intoxication may negate the mens rea of depraved indifference (*see People v Valencia,* 58 AD3d 879 [2009], *lv granted* 12 NY3d 790 [2009]), the record in this case does not support an inference that the defendant's mental state was so affected by his ingestion of crack cocaine that he did not possess the requisite mental state (*cf. People v Coon,* 34 AD3d 869, 870 [2006]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt.

The defendant's contention that the court erred in refusing to submit to the jury assault in the third degree, or reckless assault, as a lesser-included offense of assault in the first degree, or depraved indifference assault, because evidence of his intoxication on crack-cocaine negated any evidence that he acted with depraved indifference, also is unpreserved for appellate review (*see People v White,* 29 AD3d 457, 458 [2006]; *People v Yen Koh,* 225 AD2d 476 [1996]). In any event, this contention is without merit.

As the People correctly concede, however, the conviction of manslaughter in the second degree (*see* Penal Law § 125.15 [1]) must be vacated because that crime is an inclusory concurrent count of depraved indifference murder (*see People v Mabee,* 300 AD2d 509, 510 [2002]; *People v Torres,* 149 AD2d 635, 635 [1989]). Accordingly, that count must be dismissed.

The defendant's contention that he was denied the effective assistance of counsel, raised in his supplemental pro se brief, is without merit. His claim that he was deprived of a fair trial because the prosecutor failed to correct false testimony by a prosecution witness is unpreserved for appellate review, is based in part on matters outside the record to the extent it pertains to the witness's grand jury testimony and witness statements, and, in any event, insofar as it is reviewable in the record, is without merit. The remaining contention raised in his supplemental pro se brief is unpreserved for appellate review and, in any event, is without merit.

The defendant's remaining contentions are without merit. Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur.