THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND RAGEN, Appellant. [33 NYS3d 739]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Donnino, J.), rendered July 3, 2014, convicting him of manslaughter in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

On July 23, 2012, the defendant drove his cement truck under an overpass that was too low for the truck. The force of the impact when the top of the truck struck the overpass dislodged a cement barrel on the truck and caused the truck to skid into oncoming traffic and collide with a school bus. Contrary to the defendant's contention, the evidence presented at the suppression hearing supports the Supreme Court's determination that a reasonable person, innocent of any crime, would not have believed that he was in police custody at a hospital following the accident (*see Miranda v Arizona*, 384 US 436, 444 [1966]; *People v Yukl*, 25 NY2d 585, 589 [1969]; *People v Bongiorno*, 243 AD2d 719 [1997]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials while at the hospital.

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Contes*, 60 NY2d 620, 621 [1983]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that certain comments made by the prosecutor on summation deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v*

*Montalvo,* 34 AD3d 600, 601 [2006]). In any event, all of the remarks now claimed to have been improper were fair comment on the evidence and responsive to the defense summation (*see People v Jones,* 76 AD3d 716, 717 [2010]). Moreover, the defendant's contention that the prosecutor failed to correct allegedly false and misleading testimony is partially based on matters outside the record. To the extent that this contention can be reviewed on this appeal, it is unpreserved for appellate review and, in any event, without merit (*see People v Steadman,* 82 NY2d 1, 7 [1993]; *People v Battles,* 65 AD3d 1161, 1162 [2009], *mod* 16 NY3d 54 [2010]; *People v Mazyck,* 3 AD3d 583, 584 [2004]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.