■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH PILLICH, Appellant. [849 NYS2d 817]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered December 21, 2005. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the third degree (Penal Law § 155.35). We conclude that Supreme Court did not abuse its discretion in denying the motion of defendant to withdraw his plea before sentencing (*see generally* CPL 220.60 [3]). In support thereof, defendant contended that he could not be guilty of larceny because he was a vendee in possession of the property in question pursuant to a conditional contract of sale. "Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (*People v Robertson*, 255 AD2d 968 [1998], *lv denied* 92 NY2d 1053 [1999]). Here, defendant failed to present evidence to warrant withdrawal of the plea. Present—Smith, J.P., Lunn, Peradotto, Green and Pine, JJ.