THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE E. WIMES, Appellant. [856 NYS2d 332]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [3]). "To the extent that defendant challenges the factual sufficiency of the plea allocution, his waiver of the right to appeal encompasses that contention" (*People v Spivey*, 9 AD3d 886, 886 [2004], *lv denied* 3 NY3d 712 [2004]; *see People v Donahue*, 21 AD3d 1359 [2005], *lv denied* 6 NY3d 775 [2006]). Contrary to defendant's further contention, Supreme Court did not abuse its discretion in denying his motion to withdraw his plea on the ground that it was involuntary.

" '[R]efusal to permit withdrawal does not constitute an abuse of . . . discretion unless there is some evidence of innocence,

fraud, or mistake in inducing the plea . . . [and, h]ere, defendant failed to present evidence to warrant withdrawal of the plea' " (*People v Pillich*, 48 AD3d 1061 [2008]). The plea was entered on the third day of trial, in satisfaction of charges of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1], [3]), and criminal use of a firearm in the first degree (§ 265.09 [1] [b]). Although there had been testimony at trial that defendant was intoxicated at the time of the incident, there was no mention of intoxication during the plea allocution, despite the fact that intoxication could have negated the element of depraved indifference in the crime to which defendant pleaded guilty (*see* § 15.25; *People v Coon*, 34 AD3d 869, 870 [2006]). Thus, because nothing in defendant's statements during the plea colloquy cast "significant doubt upon the defendant's guilt or otherwise call[ed] into question the voluntariness of the plea," the court had no duty to conduct a further inquiry to ensure that the plea was voluntary (*People v Lopez*, 71 NY2d 662, 666 [1988]). Indeed, it may reasonably be inferred that the People agreed to the plea to a lesser charge based on the evidence at trial of defendant's intoxication, from which the jury might have found that defendant was unable to form the requisite intent to commit the crimes of attempted murder or intentional assault, as charged in the indictment, while defendant agreed to the plea because the jury might have found to the contrary.

Contrary to the further contention of defendant, the court did not abuse its discretion by failing, sua sponte, to order a competency examination pursuant to CPL article 730 (*see People v Taylor*, 13 AD3d 1168, 1169 [2004], *lv denied* 4 NY3d 836 [2005]; *see generally People v Williams*, 35 AD3d 1273, 1274-1275 [2006], *lv denied* 8 NY3d 928 [2007]). "[D]efendant responded coherently and rationally during the plea proceeding and indicated that he understood the implications of his decision to accept the plea agreement" (*People v Rivas*, 206 AD2d 549, 550 [1994]; *see Taylor*, 13 AD3d at 1169-1170).

We have reviewed defendant's remaining contentions and conclude that they are lacking in merit. Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.