■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PAULINO ROSARIO, Appellant. [17 NYS3d 134]—

Order, Supreme Court, New York County (Robert M. Mandelbaum, J.), entered on or about July 19, 2013, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered January 13, 1998, unanimously reversed, on the law, and the matter remanded for further proceedings.

Defendant made a sufficient showing to warrant a hearing on his claim that his attorney rendered ineffective assistance by providing erroneous and prejudicial advice about the immigration consequences of his guilty plea (*see People v McDonald*, 1 NY3d 109, 114-115 [2003]). Defendant's plea to at-

tempted third-degree sale of a controlled substance was entered in exchange for a promised sentence of five years' probation with a certificate of relief from civil disabilities. Defendant claims that his attorney misadvised him that even though a drug trafficking conviction would be likely to result in deportation, the certificate of relief would shield him from that consequence.

The plea and sentencing minutes, including the attorney's statements to the court, appear to corroborate that claim.

Defendant also averred, among other things, that he would not have accepted this plea had he known that it plea permitted deportation notwithstanding the certificate of relief, and that he would have gone to trial if a plea without immigration consequences was not possible. Under all the circumstances present, defendant made a sufficient demonstration of prejudice to entitle him to a hearing (*see People v Hernandez*, 22 NY3d 972, 975-976 [2013]). Concur—Mazzarelli, J.P., Renwick, Andrias and Manzanet-Daniels, JJ.