■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR SANTOS, Appellant. [44 NYS3d 14]—

Order, Supreme Court, New York County (Abraham L. Clott, J.), entered August 28, 2013, which denied defendant's CPL 440.10 motion to vacate judgment, unanimously reversed, on the law, and the matter remanded for an evidentiary hearing.

This case presents factual issues requiring a hearing into whether defendant was deprived of effective assistance of counsel under *People v McDonald* (1 NY3d 109 [2003]) by way of erroneous and prejudicial immigration advice. Defendant alleges that his attorney erroneously advised him that if he pleaded guilty to a drug sale count with a sentence of probation, he would not be subject to deportation, but if he refused the plea offer, proceeded to trial and lost, he would go to prison

and then be deported. Defendant's claim is corroborated, to some extent, by statements made to present counsel by the attorney who represented defendant at the time of the plea (*see People v Rosario*, 132 AD3d 454, 455 [1st Dept 2015]). The standard "no other promises" disclaimer in defendant's plea allocution does not, as a matter of law, defeat his claim of erroneous legal advice. This case warrants a hearing at which defendant may establish the advice he actually received regarding the deportation consequences of his plea. To the extent that, in denying the motion, the court relied on defendant's delay in bringing it, we conclude that the record is undeveloped with regard to when defendant learned of the true immigration consequences of his conviction; accordingly, this is also a proper subject for the hearing.

This case also warrants a hearing on the prejudice prong of defendant's claim. Defendant made a sufficient showing to raise an issue of fact as to whether he could have rationally rejected the plea offer under all the circumstances of the case, including the serious consequences of deportation and his incentive to remain in the United States (*see People v Samuels*, 143 AD3d 401 [1st Dept 2016]; *People v Rosario*, 132 AD3d at 455). Further, defendant sufficiently alleges that if immigration consequences had been factored into the plea bargaining process, counsel might have been able to negotiate a different plea agreement that would not have resulted in automatic deportation. Concur—Renwick, J.P., Saxe, Gische and Webber, JJ.