■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEIN STEWART, Appellant. [57 NYS3d 28]—

Appeal from order, Supreme Court, New York County (Gregory Carro, J.), entered on or about May 18, 2016, which denied defendant's CPL 440.10 motion to vacate the judgment, held in abeyance, and the matter remanded for a hearing on defendant's claim of ineffective assistance of counsel and a decision de novo on the motion. Appeal from judgment, same court and Justice, rendered March 27, 2013, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of 8 years, held in abeyance pending the aforesaid hearing and decision.

Defendant moved below to vacate his conviction pursuant to CPL 440.10, arguing that he had received ineffective assistance of counsel (see People v Baldi, 54 NY2d 137, 146 [1981]; see also People v Turner, 5 NY3d 476, 480-481 [2005]). Defendant asserted that his counsel was ineffective in prematurely filing "an otherwise-meritorious speedy trial motion" and submitted an affirmation from initial appellate counsel, but did not submit an affidavit from trial counsel.[1] Specifically, defendant argued that counsel provided ineffective assistance by failing to argue that the People's January certificate of readiness was illusory, and that counsel filed the speedy trial motion prematurely by failing to include three time periods in calculating chargeable time in support of the motion.[2] The People asserted that counsel was effective and "zealously and ably advocated defendant's cause." The People stated that generally, DNA testing delays are excluded from the calculation of chargeable time, and therefore the calculation of chargeable time was not clear cut. As to the certificate of readiness, the

1. Both trial counsel and defendant's initial appellate counsel were from the Legal Aid Society. New appellate counsel was subsequently appointed.

2. The first speedy trial issue involves counsel failing to account for the prosecution's January certificate of readiness when asserting the prosecution had not declared readiness before February 9, 2012; the second is failing to account for his own consent to an adjournment from May 24, 2012 to June 7, 2012; and the third is failing to account for his colleague's consent to a subsequent adjournment from June 7, 2012 to June 28, 2012.

People state that they were ready to proceed without the DNA evidence, that the certificate was not illusory, and therefore that there was no error in failing to contest the certificate of readiness.

The motion court mistakenly found that defendant's CPL 440.10 motion was procedurally barred. In reaching its decision, the motion court concluded that because the record of pretrial proceedings was sufficient to determine defendant's ineffective assistance of counsel claim without reference to any nonrecord facts, and because defendant failed to perfect the direct appeal, it was foreclosed from considering the motion on the merits and denied the motion. We disagree with this procedural analysis, because as described below, the current record is insufficient to determine defendant's ineffective assistance of counsel claim.

Defendant's ineffective assistance claim, as it relates to the speedy trial motion, presents factual issues requiring a hearing. We reject defendant's argument that the record before this Court is sufficient to decide whether counsel was ineffective by failing to account for the three challenged periods when filing the speedy trial motion. Although the affirmation by defendant's initial appellate counsel submitted in support of defendant's 440.10 motion stated trial counsel was ineffective for failing to properly research the speedy trial motion before filing it, the affirmation fails to state whether appellate counsel had any personal knowledge of the case, or that he spoke to trial counsel about this issue. We do not know and cannot speculate as to why trial counsel submitted the motion when he did, and whether the decision to file was the result of a calculation error. Nor do we know what research or court records were reviewed before the motion was filed. A hearing will address whether trial counsel had strategic or other reasons for filing the speedy trial motion when he did, and address defendant's reasons that counsel was ineffective (*cf. People v Santos*, 145 AD3d 461 [1st Dept 2016]; *People v Rosario*, 132 AD3d 454 [1st Dept 2015]).

In light of this determination and because we are holding defendant's direct appeal in abeyance, we do not reach defendant's claims on the direct appeal. Concur—Richter, J.P., Andrias, Moskowitz, Feinman and Kapnick, JJ.