People v Stewart (2019 NY Slip Op 03142)





People v Stewart


2019 NY Slip Op 03142


Decided on April 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


9093 6138/11

[*1]The People of the State of New York, Appellant,
v
Thein Stewart, Defendant-Respondent.


Cyrus R. Vance, Jr., District Attorney, New York (Stephen Kress of counsel), for appellant.
Center for Appellate Litigation, New York (Robert S. Dean of counsel), and White & Case LLP, New York (Matthew L. Nicholson of counsel), for respondent.



Order, Supreme Court, New York County (Gregory Carro, J.), entered on or about October 4, 2017, which granted defendant's CPL 440.10 motion to vacate a judgment of conviction rendered March 27, 2013, and dismissed the indictment, unanimously affirmed.
We previously held this appeal in abeyance pending a hearing on defendant's 440.10 motion (151 AD3d 478 [1st Dept 2017]). After a hearing, Supreme Court granted the motion, finding that counsel rendered ineffective assistance by failing to make a proper speedy trial motion, and it dismissed the indictment.
Counsel filed a speedy trial motion, alleging well over the required threshold of 183 days of chargeable time. However, because of counsel's miscalculations, these allegations included substantial periods that were not in fact chargeable. As a result, the court deciding the speedy trial motion found that only 174 days were chargeable. However, if counsel had waited only 10 more days to file the motion, the circumstances of the case establish that this additional period would unquestionably have been charged to the People, as counsel was aware. Thus, the threshold would have been exceeded, and the court would have been required to grant the speedy trial motion. Instead, the filing of the premature motion stopped the clock and rendered the People's additional unreadiness excludable.
The CPL 440.10 hearing record establishes that counsel had no strategic reason for filing the speedy trial motion in the form and at the time he did, and that his handling of the motion was objectively unreasonable. Furthermore, the prejudice prong of a single-error ineffectiveness claim was satisfied, because "[i]t is well settled that a failure of counsel to assert a meritorious speedy trial claim is, by itself, a sufficiently egregious error to render a defendant's representation ineffective" (People v St. Louis, 41 AD3d 897, 898 [2007]).
The remedy of dismissal, rather than ordering further proceedings, was appropriate in the circumstances presented in light of the finding that the indictment would have been dismissed on speedy trial grounds but for the ineffective assistance (see e.g. People v Turner, 10 AD3d 458, 460 [2d Dept 2004], affd 5 NY3d 476 [2005]).
We find the People's remaining arguments unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 25, 2019
CLERK