People v Peloso (2019 NY Slip Op 07614)





People v Peloso


2019 NY Slip Op 07614


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-06986
 (Ind. No. 15-00009)

[*1]The People of the State of New York, respondent,
v
Christopher Peloso, appellant.


Thomas Theophilos, Buffalo, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered June 5, 2017, convicting him of attempted aggravated assault upon a police officer or a peace officer, assault in the second degree (four counts), reckless endangerment in the first degree (eight counts), criminal mischief in the second degree (three counts), criminal mischief in the fourth degree, driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3), unlawful fleeing a police officer in a motor vehicle in the third degree, reckless driving, leaving the scene of an incident without reporting, and resisting arrest, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is reversed, on the facts and as a matter of discretion in the interest of justice, the first count of the indictment, charging the defendant with attempted aggravated assault upon a police officer or a peace officer pursuant to Penal Law §§ 110 and 120.11, the second count of the indictment, charging the defendant with assault in the second degree pursuant to Penal Law § 120.05(2), the fourth and fifth counts of the indictment, both charging the defendant with assault in the second degree pursuant to Penal Law § 120.05(6), the sixth through thirteenth counts of the indictment, charging the defendant with reckless endangerment in the first degree pursuant to Penal Law § 120.25, and the fourteenth through sixteenth counts of the indictment, charging the defendant with criminal mischief in the second degree pursuant to Penal Law 145.10, are dismissed, and the matter is remitted to the County Court, Orange County, for a new trial on the remaining counts of the indictment.
The defendant's convictions stem from a police chase that resulted in several collisions.
The defendant's challenge to the legal sufficiency of the evidence is upreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). Nevertheless, we address the issue as a matter of discretion in the interest of justice (see CPL 470.15[6][a]).
A person is guilty of assault in the second degree when, in the course of and in furtherance of the commission or attempted commission of a felony, in this case reckless endangerment in the first degree, or of immediate flight therefrom, he or she, or another participant [*2]in the crime, causes physical injury to a person other than one of the participants (see Penal Law § 120.05[6]). "A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he [or she] recklessly engages in conduct which creates a grave risk of death to another person" (Penal Law § 120.25). "To prove the requisite mens rea, the People must [establish] both (1) recklessness creating a grave risk of death and (2) a depraved indifference to human life" (People v Wilson, 32 NY3d 1, 6; see People v Barboni, 21 NY3d 393, 400).
Here, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was not legally sufficient to establish the defendant's guilt beyond a reasonable doubt on the fourth and fifth counts of the indictment, charging the defendant with assault in the second degree pursuant to Penal Law § 120.05(6), and the sixth through thirteenth counts of the indictment, charging the defendant with reckless endangerment in the first degree pursuant to Penal Law § 120.25 (see People v Danielson, 9 NY3d 342, 349), as the evidence failed to establish the requisite mens rea (see People v Maldonado, 24 NY3d 48, 49-50; People v Prindle, 16 NY3d 768, 769; People v Valencia, 14 NY3d 927, 927-928; People v Jackson, 126 AD3d 1508, 1511).
Under counts fourteen and sixteen of the indictment, the defendant was convicted of criminal mischief in the second degree pursuant to Penal Law § 145.10, relating to damage he caused to Town of Newburgh police vehicle units 305 and 322, respectively. "A person is guilty of criminal mischief in the second degree when with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he [or she] has such right, he [or she] damages property of another person in an amount exceeding one thousand five hundred dollars" (Penal Law § 145.10).
Here, viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d at 621), the evidence was not legally sufficient to establish the defendant's guilt beyond a reasonable doubt on the fourteenth and sixteenth counts of the indictment (see People v Danielson, 9 NY3d at 349), as the evidence failed to establish that the defendant intended to damage police vehicle unit 305 and failed to establish that the amount of the damage caused to police vehicle unit 322 exceeded $1,500 (see Penal Law § 145.10).
Viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d at 621), the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on the remaining counts of the indictment (see People v Danielson, 9 NY3d at 349).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we find that the verdict of guilt on the first count of the indictment, charging the defendant with attempted aggravated assault upon a police officer or a peace officer pursuant to Penal Law §§ 110 and 120.11, the second count of the indictment, charging the defendant with assault in the second degree pursuant to Penal Law § 120.05(2), and the fifteenth count of the indictment, charging the defendant with criminal mischief in the second degree pursuant to Penal Law § 145.10, was against the weight of the evidence. We are satisfied that the verdict of guilt on the third and seventeenth through twenty-third counts of the indictment was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
With regard to the third and seventeenth through twenty-third counts of the indictment, the defendant's convictions must be reversed because he was deprived of the right to counsel when the County Court instructed him not to discuss his trial testimony with his attorney during a two-day adjournment (see Geders v United States, 425 US 80, 88; People v Umali, 10 NY3d 417, 423; People v Joseph, 84 NY2d 995, 997-998). Although the defendant failed to preserve this issue for appellate review, we reach the issue as a matter of discretion in the interest of justice (see CPL 470.15[6][a]; People v Samuels, 22 AD3d 507, 508; People v Lowery, 253 AD2d [*3]893, 894).
The defendant's remaining contentions need not be addressed in light of our determination.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court