People v Martin (2020 NY Slip Op 00067)





People v Martin


2020 NY Slip Op 00067


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Oing, JJ.


2043/14 10731A 10731

[*1] The People of the State of New York, Respondent,
v
Shaun Martin, Defendant-Appellant.


Aidala, Bertuna & Kamins, P.C., New York (Barry Kamins of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Order, Supreme Court, New York County (Melissa C. Jackson, J.), entered on or about May 4, 2018, which denied defendant's CPL 440.10 motion, unanimously reversed, on the law, and the matter remanded for a hearing. Appeal from judgment (same court and Justice) rendered November 4, 2016, as amended November 22, 2016, convicting defendant, after a nonjury trial, of murder in the second degree, aggravated vehicular homicide (two counts), assault in the first degree (two counts), aggravated vehicular assault (four counts), reckless endangerment in the first degree, operating a motor vehicle while under the influence of alcohol or drugs (three counts), assault in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to an aggregate term of 20 years to life, held in abeyance pending the outcome of the hearing on defendant's CPL 440.10 motion.
Defendant's CPL 440.10 motion presented a factual dispute requiring a hearing. On the one hand, defendant's counsel on the motion submitted an affirmation representing that defendant's trial counsel had told him that he was unaware that he could call an expert witness regarding whether defendant was incapable, based on his ingestion of drugs, of possessing the required mental state of depraved indifference. The motion was also supported by the affidavit of an expert who represented that he would have testified at trial that defendant did not possess that statutorily required mental state. On the other hand, the prosecutor represented in an affirmation that trial counsel had told him that he was aware that he could have called an expert but chose not to do so for certain strategic reasons, the validity of which the parties dispute.
While the motion court had a sound basis for its conclusion that there was "no reasonable possibility" that defendant's trial counsel "was unaware that he could call an expert to testify about the defendant's state of mind," we find that this was not an adequate basis for denying the motion without a hearing in these circumstances. First, to the extent the court may have been relying on CPL 440.30(d), that section permits summary denial when "there is no reasonable possibility that such an allegation is true," but it applies only when the allegation "is made solely by the defendant." That is not the case here, where the allegation at issue regarding trial counsel's statements was made by defendant's motion counsel based on his own knowledge.
Nor do we believe that this is a case such as People v Samandarov (13 NY3d 433 [2009]), where the lack of merit of a CPL 440.10 motion could be determined on the parties' submissions, despite it being "theoretically possible that a hearing could show otherwise" (id. at [*2]440). Here, while the court's perception may well be borne out, there are issues of fact sufficient to warrant a hearing (see People v Coleman, 10 AD3d 487 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK