People v Fernandez (2020 NY Slip Op 04368)





People v Fernandez


2020 NY Slip Op 04368


Decided on July 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 30, 2020

Acosta, P.J., Kapnick, Moulton, González, JJ.


2344N/11 3493/11

[*1]The People of the State of New York, Respondent,
v
Salvador Fernandez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Gliner of counsel), for respondent.



Order, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), entered on or about October 18, 2018, which denied defendant's CPL 440.10 motion to vacate a judgment rendered February 16, 2014, unanimously reversed, on the law, and the matter remanded for a hearing on defendant's claim of ineffective assistance of counsel and a decision de novo on the motion.
In our decision on defendant's direct appeal we held that the record before us was "insufficient to establish that any of counsel's alleged deficiencies in handling potential suppression issues was a product of his misunderstanding of the law. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal" (People v Fernandez, 158 AD3d 462, 463 [1st Dept 2018]).
Defendant thereafter filed a CPL 440.10 motion, which was supported by motion counsel's affirmation detailing his numerous attempts by phone and email to obtain a statement from trial counsel regarding his efforts to obtain a hearing for the purpose of suppressing certain evidence. Trial counsel was unresponsive and ultimately did not submit an affidavit.
Under these circumstances, we find that the motion court should have granted a hearing to enable the court to have subpoenaed trial counsel to testify or otherwise present evidence as to whether there were strategic or other reasons for his
decisions with regard to the suppression proceedings (see People v Martin, 179 AD3d 428 [1st Dept 2020]; People v Mebuin, 158 AD3d 121 [1st Dept 2017]; People v Stewart, 151 AD3d 478 [1st Dept 2017]).
The Decision and Order of this Court entered herein on February 18, 2020 is hereby recalled and vacated (see M-1296 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 30, 2020
CLERK