People v McCray (2020 NY Slip Op 06219)





People v McCray


2020 NY Slip Op 06219


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, JJ. 


Ind No. 3920/08 3920/08 Appeal No. 12241-12241A Case No. 2016-2146 

[*1]The People of the State of New York, Respondent,
v
Lonnie McCray, Defendant-Appellant.


Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (Julia L. Burke of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Lori Ann Farrington of counsel), for respondent.



Order, Supreme Court, Bronx County (Ralph Fabrizio, J.), entered April 18, 2019, which denied defendant's CPL 440.10 motion, unanimously reversed, on the law, and the matter remanded for a hearing. Appeal from judgment (same court and Justice), rendered March 8, 2012, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years to life, held in abeyance pending the outcome of the hearing on defendant's CPL 440.10 motion.
Defendant's motion, alleging ineffective assistance of counsel in various respects, should not have been denied on the ground that the trial record is sufficient to permit appellate review (CPL 440.10[2][b]). The trial record does not establish whether counsel's alleged deficiencies in handling suppression and trial issues were based on legitimate trial strategy. Moreover, the motion was supported by motion counsel's affirmation detailing his conversation with trial counsel, which raised serious questions about counsel's performance as to several matters. Furthermore, the court improvidently exercised its discretion to the extent that it denied the motion, without granting a hearing, based on CPL 440.30(4)(d) (see People v Martin, 179 AD3d 428, 429 [1st Dept 2020]). As noted, motion counsel's affirmation recounted a conversation with trial counsel that tended to support some of the ineffectiveness claims. Motion counsel also averred that trial counsel ultimately refused to submit an affirmation in support of the motion. Under the circumstances, the motion court should have granted a hearing to enable trial counsel to be subpoenaed to testify or otherwise present evidence explaining whether there were strategic or other reasons for his decisions (see People v Fernandez, 185 AD3d 527 [1st Dept 2020]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020