19-266-pr
*Heidgen v. Graham, N.Y.S. DOCCS*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-one.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
            JOSEPH F. BIANCO,
                        *Circuit Judges.*

---

MARTIN HEIDGEN,

                *Petitioner-Appellant,*                        19-266-pr

            v.

HAROLD GRAHAM, *Superintendent*, Auburn
Correctional Facility, N.Y.S. DOCCS

                *Respondents-Appellees.*

---

FOR PETITIONER-APPELLANT:    JILLIAN S. HARRINGTON, Law Office of
                             Jillian S. Harrington, Monroe Township,
                             NJ.

FOR DEFENDANTS-APPELLEES:    MAUREEN M. MCCORMICK, *Assistant
                             District Attorney*, (Tammy J. Smiley, Jason
                             R. Richards, Judith R. Sternberg, *Assistant
                             District Attorneys*, *of counsel*), *for* Joyce A.
                             Smith, *Acting District Attorney*, *Nassau
                             County*, Mineola, NY.

1

Appeal from an order of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Petitioner Martin Heidgen ("Heidgen") appeals from an order of the District Court denying his petition for a writ of habeas corpus. In February 2007, following a jury trial in New York state court, Heidgen was convicted of two counts of murder in the second degree ("depraved indifference murder"), three counts of assault in the first degree ("depraved indifference assault"), and two counts of operating a vehicle under the influence of alcohol. He appealed to the New York Supreme Court, Appellate Division, Second Judicial Department, where his conviction was affirmed, with one justice dissenting. He then appealed to the New York Court of Appeals, where his conviction was affirmed with two judges dissenting. Heidgen then petitioned for a writ of habeas corpus in District Court. His petition was denied and the District Court declined to issue a certificate of appealability. We granted a certificate of appealability, limiting our review to the issue of "whether the evidence at trial was sufficient to establish beyond a reasonable doubt that Petitioner-Appellant acted with the mens rea necessary to support his convictions" (App. 982)—that is, whether the evidence was sufficient to establish that Heidgen had a mens rea of "depraved indifference" under N.Y. Penal Law §§ 125.25[2] and 120.10[3]. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a petition for a writ of habeas corpus *de novo. Lynch v. Dolce*, 789 F.3d 303, 310-11 (2d Cir. 2015). Heidgen challenges the sufficiency of the evidence to support the state court's mens rea findings. "[A] defendant challenging the sufficiency of the evidence bears a heavy burden. On such a challenge, we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *United States v. Rojas*, 617 F.3d 669, 674 (2d Cir. 2010) (internal quotation marks omitted). Evaluating the totality of the evidence, we "uphold the jury's verdict as long as '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Therefore, the only question before us is whether *any* rational trier of fact could conclude that Heidgen acted with "depraved indifference to human life." *See* N.Y. Penal Law §§ 125.25 [2] and 120.10[3]; *People v. Feingold*, 7 N.Y.3d 288, 296 (2006) ("[A] depraved and utterly indifferent actor is someone who does not care if another is injured or killed[.] . . . [D]epraved indifference to human life is a culpable mental state." (internal quotation marks omitted)).

In the early morning of July 2, 2005, Heidgen drove approximately two and a half miles down the Meadowbrook State Parkway in the wrong direction causing a car crash that killed two

2

people and seriously injured multiple others. Blood drawn from him after the crash showed he had a blood alcohol content of .28.

In his various appeals, and before this Court, Heidgen relies on *People v. Valencia*, in which the New York Court of Appeals held that there was insufficient evidence of the mens rea necessary for a depraved indifference assault conviction of a drunk driver, with a blood alcohol content of .21 who drove 3.9 miles the wrong direction down the highway. 14 N.Y.3d 927, 927–28 (2010); *id.* at 928 (Graffeo, *J.*, concurring); *id.* at 932 (Jones *J.*, concurring). Heidgen argues that his blood alcohol content was even higher than Valencia's, and so, like Valencia, he too was unable to form the mens rea of depraved indifference. Heidgen also emphasizes trial evidence that he appears to have slowed down immediately prior to the crash and evidence that, he asserts, contradicts the government's portrayal of him as suicidal.

But evidence was also adduced at trial that Heidgen was both a regular drinker and sober enough on the night of the crash to stand on his feet, dance, and hold appropriate conversation. Unlike the trial judge in *Valencia*—who as fact-finder found that Valencia was "oblivious" to the risks of his drunk driving at the time of the crash, *id.* at 932 (Jones, *J.,* concurring) —a rational juror in Heidgen's case could have concluded from the evidence that Heidgen was not so intoxicated as to be unable to manifest depraved indifference. Likewise, a rational juror could have been persuaded by multiple other items of the government's evidence going to mens rea, including: Heidgen's comments to officers that he was in "self-destruct mode" and depressed (App. 203); that he ignored wrong-way signs and backwards signs; that he ignored a motorcyclist who "paced" him on the other side of the highway median; that he appeared to "track" the headlights of oncoming vehicles; and that he did not appear to be driving erratically, and was staying within his lane markers. In light of this evidence, we cannot conclude that no rational juror could have found Heidgen to possess the mens rea of depraved indifference.

In sum, we agree with the District Court that Heidgen's petition for a writ of habeas corpus must be denied.

**CONCLUSION**

We have reviewed all of the arguments raised by Heidgen on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 22, 2019 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk