People v Martin (2022 NY Slip Op 04284)

People v Martin

2022 NY Slip Op 04284

Decided on July 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 05, 2022

Before: Acosta, P.J., Manzanet-Daniels, Kapnick, Oing, JJ. 

Ind. No. 2043/14 Appeal No. 10731-10731A Case No. 2018-5071 

[*1]The People of the State of New York, Respondent,
v
Shaun Martin, Defendant-Appellant.

Aidala, Bertuna & Kamins, P.C., New York (Barry Kamins of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.

Order, Supreme Court, New York County (Melissa C. Jackson, J.), entered on or about December 7, 2021, which denied defendant's CPL 440.10 motion, unanimously affirmed. Judgment, same court and Justice, rendered November 4, 2016, as amended November 22, 2016, convicting defendant, after a nonjury trial, of murder in the second degree, aggravated vehicular homicide (two counts), assault in the first degree (two counts), aggravated vehicular assault (four counts), reckless endangerment in the first degree, operating a motor vehicle while under the influence of alcohol or drugs (three counts), assault in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to an aggregate term of 20 years to life, unanimously affirmed.
We previously ordered a hearing on defendant's CPL 440.10 motion to vacate the judgment, and held the direct appeal in abeyance (179 AD3d 428 [1st Dept 2020]). Supreme Court conducted the hearing, and the record supports its findings. Defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that trial counsel's strategic decision to refrain from calling an expert on whether drugs prevented defendant from forming the mental state of depraved indifference, or counsel's general handling of the intoxication aspect of defendant's defense, fell below an objective standard of reasonableness. Counsel's understanding of an issue regarding waiver of the physician-patient privilege did not render his conduct unreasonable under all the circumstances. Defendant has also failed to establish the prejudice prong of a state or federal ineffectiveness claim. He has not shown any reasonable possibility that the alleged deficiencies deprived defendant of a fair trial or affected the outcome of the case.
The rulings that defendant challenges on appeal were provident exercises of the CPL 440.10 hearing court's discretion, and these rulings did not deprive defendant of due process.
Turning to defendant's direct appeal, we reject defendant's arguments regarding the sufficiency and weight of his murder conviction (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supports the conclusion that defendant acted with depraved indifference to human life (see People v Heidgen, 22 NY3d 259 [2013]). The facts establishing depraved indifference were even more egregious than those in People v Herrera (202 AD3d 517 [1st Dept 2022]). To the extent that depraved indifference can be negated by intoxication (see People v Valencia, 14 NY3d 927 [2010]), the evidence established that defendant was not rendered incapable of forming the requisite mental state. The evidence also supported the conclusion that defendant's conduct constituted a sufficiently direct cause of the murder victim's death (see People v Davis, 28 [*2]NY3d 294, 300 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 5, 2022